IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JAMAL E. COLLINS,<br><br>    Plaintiff,<br><br>    v.<br><br>FNU CLARK, FNU FAULKS, and ELIZABETH MARTYN,<br><br>    Defendants. | CIVIL ACTION NO.: 5:21-cv-63 |

## REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Plaintiff also filed an Amended Complaint. The Amended Complaint has not yet been subjected to frivolity screening under 28 U.S.C. § 1915A. Doc. 35. After conducting the required screening, and for the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants "Unknown First and Last Name," Cox, and "Unknown, JM." However, Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Clark, Faulks, and Martyn may proceed.[1]

## BACKGROUND

Plaintiff, proceeding pro se, filed this action on October 22, 2021, asserting Eighth Amendment claims against Defendants Clark, Faulks, and Martyn. Doc. 1. Specifically, Plaintiff claimed Defendants Clark, Faulks, and Martyn were deliberately indifferent to his serious medical needs while he was incarcerated at Ware State Prison in Waycross, Georgia.

---

[1] Defendants Faulks, Clark, and Martyn are already parties to this action, and they have filed Answers to Plaintiffs' Amended Complaint. These Defendants have also moved for summary judgment. Docs. 72, 73, 81.

Doc. 1-1 at 1–7.  The Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A, allowing Plaintiff's claims to proceed.  Doc. 17.

The Court docketed Plaintiff's Amended Complaint after Defendants Clark, Faulks, and Martyn waived service and filed Answers.[2]  Doc. 35.  Defendants Clark, Faulks, and Martyn filed Answers to Plaintiff's Amended Complaint.  Docs. 36, 37, 39.  The Court must now conduct frivolity screening of the claims in Plaintiff's Amended Complaint under 28 U.S.C. § 1915A.

### PLAINTIFF'S CLAIMS[3]

Plaintiff alleges three Defendants failed to appropriately respond to grievances he filed.  Plaintiff filed grievances requesting protective custody and a one-man isolation cell with a power outlet and a desk. Doc. 35 at 4–11.  Plaintiff explains he needs an isolation cell because he was assaulted in his sleep and is at risk in general population, he needs a power outlet for his continuous positive airway pressure (CPAP) machine, and he needs a desk so he can "sit up-right to write and litigate."  Id. at 6.  Defendant "Unknown First and Last Name" signed the responses to Plaintiff's grievances on the "Warden's/Superintendent's Signature" line.  Id. at 4–7.  Defendant Kenny Cox is a unit manager who investigated Plaintiff's grievances.  Id. at 7–8.  Defendant "Unknown, JM" is an official who signed the grievance appeals.  Id. at 8–11.

---

[2]   Plaintiff amended his Complaint as a matter of course under Federal Rule of Civil Procedure 15.  A party may amend his pleading once as a matter of course within (a) 21 after serving it or (b) within 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(A)–(B).  Waivers of service for Defendants Clark and Faulks were filed on February 17, 2022.  Docs. 18, 19.  Plaintiff could, therefore, amend his Complaint as a matter of course on or before March 10, 2022, under Rule 15(a)(1)(A).  Plaintiff filed his Amended Complaint on February 28, 2022—the day he dated it—under the prison mailbox rule.  See Doc. 35 at 16.

[3]   All allegations set forth here are taken from Plaintiff's Amended Complaint.  Doc. 35.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff claims Defendants' failure to respond to his grievances amounts to deliberate indifference to his serious medical needs, failure to protect his equal rights, and retaliation for a different lawsuit Defendant filed against the former medical director and Defendant Martyn. Id. at 12–13.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

Plaintiff's claims against the two unknown-named Defendants and Defendant Cox fail because Plaintiff cannot maintain constitutional claims for the responses to his grievances. There is no constitutionally protected liberty interest in a grievance process, including the investigation of grievances. The Eleventh Circuit Court of Appeals has joined other Circuits in holding "a prison grievance procedure does not provide an inmate with a constitutionally protected interest . . . ." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."). "Simply put, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under § 1983." Wromas v. Cruz, Case No. 2:17-cv-155, 2018 WL 2318038, at *2 (M.D. Fla. May 22, 2018). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants "Unknown First and Last Name," Cox, and "Unknown, JM."

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants "Unknown First and Last Name," Cox, and "Unknown, JM." However, Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Clark, Faulks, and Martyn may proceed.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA