**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| JAMEL E. COLLINS, | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-63 |
| v. | |
| FNU CLARK, FNU FAULKS, and ELIZABETH MARTYN, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Defendant Martyn filed a Motion for Summary Judgment.  Doc. 81.  Plaintiff has not filed a Response.[1]  The Clerk of Court mailed a Notice to Plaintiff advising him Defendant Martyn filed a Motion for Summary Judgment and that a response must be filed by May 5, 2023. Doc. 82.  The Court's Notice further advised Plaintiff:

1.   If you do not timely respond to this motion . . ., the consequence may be the Court will deem the motion unopposed, and the Court may enter judgment against you;

2.   If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence; and

3.   If a summary judgment motion is properly supported, you may not rest on the allegations in you [Complaint] alone.

---

[1]      The Clerk of Court docketed Plaintiff's filing at Docket Number 90 as Plaintiff's Response to Defendant Martyn's Motion for Summary Judgment.  Plaintiff titled this filing "Motion to Accept Evidence."  However, this filing is not a proper motion or a response to a motion for summary judgment. Instead, Plaintiff filed medical records in support of his responses to Defendant Clark's and Defendant Faulks's motions for summary judgment.  See Docs. 87, 93.  Accordingly, I **DIRECT** the Clerk of Court to change the docket text at Docket Number 90 to "Plaintiff's Evidence in Support of His Opposition to Summary Judgment."

Id.  Plaintiff moved for an extension of time to respond, which the Court granted, giving Plaintiff until June 1, 2023, to respond.  Docs. 79, 80.  Plaintiff moved for yet another extension of time to respond, which the Court denied.  Docs. 85, 88.  Thus, Plaintiff requested and received an extension of time to respond, but he still has not filed a response, and the time to do so has expired.[2]

However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion."  United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted).  Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact."  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

The time for Plaintiff to file a response has elapsed, and Defendant Martyn's Motion is now ripe for adjudication.  For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant Martyn's Motion for Summary Judgment, **DISMISS** Plaintiff's claims against Defendant Martyn, **DIRECT** the Clerk of Court to enter the appropriate judgment, and **DENY** Plaintiff in forma pauperis status on appeal.

## PROCEDURAL HISTORY

Plaintiff, proceeding pro se, brought this 42 U.S.C. § 1983 action, alleging violations of his constitutional rights during his incarceration at Ware State Prison.  Doc. 1.  After conducting frivolity review, the Court permitted Plaintiff to proceed with Eighth Amendment deliberate

---

[2]     Plaintiff filed a "Motion to Know the Status of My Case" on October 2, 2023, in which Plaintiff stated, "At this time Plaintiff wishes to drop Defendant Martyn from this lawsuit . . . ."  Doc. 101.  Plaintiff may not voluntarily dismiss his claims against Defendant Martyn after she has moved for summary judgment without a stipulation of dismissal signed by both parties.  Fed. R. Civ. P. 41(a)(1)(A).  I consider Defendant Martyn's Motion for Summary Judgment unopposed because Plaintiff failed to file a timely response or a sufficient motion for voluntary dismissal.

indifference to serious medical needs claims against Defendants Clark, Faulks, and Martyn.[3] Doc. 17.

Relevant to this Report, Plaintiff alleged Defendant Martyn, a nurse practitioner at Ware State Prison, delayed or denied Plaintiff a walking cane.  Doc. 1-1 at 4.  Plaintiff alleged Defendant Martyn restored Plaintiff's walking cane profile on November 2, 2020, but failed to provide him with a cane.  Id. at 6–7.  Plaintiff stated he received a cane on January 15, 2021, only because another prison official requested a cane for Plaintiff.  Id. at 7.  Plaintiff alleged generally all Defendants, including Defendant Martyn, acted in retaliation for a previous lawsuit Plaintiff filed against Defendant Martyn and Ware State Prison's former medical director, Dr. Thomas Ferrell.  Id. at 5.

## UNDISPUTED MATERIAL FACTS

Defendant Martyn was a nurse practitioner at Ware State Prison beginning in 2020 and ending in February 2021.  Doc. 81-4 at 2.  Defendant Martyn's duties included recommending an inmate receive medical equipment such as a cane.  Id.  Defendant Martyn played no role in procuring, dispensing, or delivering such equipment to inmates.  Id.  Defendant Martyn, as a non-physician nurse practitioner, acted under the supervision of a physician.  Id.

Plaintiff saw Defendant Martyn regarding complaints about knee discomfort on October 29, 2020.  Id. at 3.  Defendant Martyn recommended Plaintiff receive prescriptions for Elavil and Naproxen and his cane profile be renewed based on Defendant Martyn's examination of Plaintiff and his presentation of complaints to Defendant Martyn.  Id.  Defendant Martyn

---

[3]     Plaintiff filed an Amended Complaint and made claims against three additional individuals. Doc. 35.  Plaintiff made additional legal claims for relief against Defendant Martyn, but Plaintiff made no new factual allegations concerning Martyn.  Id.  I conducted frivolity screening of Plaintiff's Amended Complaint and recommended the Court dismiss the three additional individuals because Plaintiff failed to state a claim against them.  See Doc. 102.  The Court considers Plaintiff's original Complaint and the remaining claims in his Amended Complaint together for the purposes of summary judgment.

observed Plaintiff was able to walk and did not observe Plaintiff being unable to use the stairs.
Id.

Plaintiff received his cane in January 2021.  Doc. 81-3 at 56.  Defendant Martyn was not involved in the procurement or delivery of the cane to Plaintiff.  Doc. 81-4 at 3.  Defendant Martyn did not act in any way to delay Plaintiff's receipt of the cane she recommended for him. Id.  Defendant Martyn never recommended to anyone the procurement or distribution of the cane be delayed.  Id.

## DISCUSSION

### I.    Legal Standard

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, there must exist a conflict in substantial evidence to pose a jury question."  Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).  "If the evidence [produced by the non-moving party] is merely colorable or is not significantly probative summary judgment must be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law.  See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any

material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the non-moving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the non-moving party's case or the non-moving party would be unable to prove his case at trial.  See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).  Once the party moving for summary judgment satisfies its initial burden, the burden shifts to the non-moving party to come forward with specific facts showing a genuine dispute for trial.  Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019).  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the non-moving party.  Peek-A-Boo Lounge, 630 F.3d at 1353.  As the Eleventh Circuit Court of Appeals has explained, "The facts at the summary judgment stage are not necessarily the true, historical facts or what a jury may ultimately find. Instead, the facts at this stage are what a reasonable jury could find from the evidence . . . viewed in the light most favorable to the non-moving party."  Johnson v. City of Miami Beach, 18 F.4th 1267, 1269 (11th Cir. 2021).

## II.  Plaintiff's Eighth Amendment Claim Against Defendant Martyn

Defendant Martyn argues she is entitled to summary judgment because she did not disregard Plaintiff's serious medical needs and because she did not cause Plaintiff any injury.[4]

---

[4]   Defendant Martyn makes arguments related to two other claims: Plaintiff's claim about access to a C-PAP breathing machine and claims about back injuries he suffered from lying on the floor in his segregation cell.  Doc. 81-2 at 11–13.  Plaintiff did not bring these two claims against Defendant Martyn. Plaintiff made these claims in his Amended Complaint against two unidentified individuals and Kenny Cox.  Doc. 35 at 4–13.  I recommended dismissal of these claims during frivolity screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A.  See Doc. 102.  I do not address these claims here because Plaintiff did not allege Defendant Martyn was involved with them.

There is no evidence before the Court suggesting Defendant Martyn was deliberately indifferent to Plaintiff's serious medical needs or Defendant Martyn was involved in delaying Plaintiff's access to a cane.  The record shows Defendant Martyn recommended pain relievers and a cane when Plaintiff presented to Defendant Martyn with complaints of knee pain on October 29, 2020.  There is no evidence in the record showing Defendant Martyn was responsible for the delivery of the cane or she was aware of any delay in the cane's delivery.  Accordingly, I **RECOMMEND** the Court **GRANT** Defendant Martyn's Motion for Summary Judgment and **DISMISS** Plaintiff's claims against Defendant Martyn.

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address this issue now.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001));

see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Defendant Martyn's Motion for Summary Judgment, **DISMISS** Plaintiff's claims against Defendant Martyn, **DIRECT** the Clerk of Court to enter the appropriate judgment, and **DENY** Plaintiff *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

      **SO REPORTED and RECOMMENDED**, this 30th day of January, 2024.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA