IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JAMEL E. COLLINS, | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-63 |
| v. | |
| FNU CLARK, and FNU FAULKS, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Defendant Clark filed a Motion for Summary Judgment. Doc. 73. Plaintiff filed a Response. Docs. 83, 84, 86, 87. Defendant Clark filed a Reply. Doc. 91. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant Clark's Motion for Summary Judgment, **DISMISS** Defendant Clark, and **DENY** Plaintiff *in forma pauperis* status on appeal.[1]

**PROCEDURAL HISTORY**

Plaintiff, proceeding pro se, brought this 42 U.S.C. § 1983 action, alleging violations of his constitutional rights while he was incarcerated at Ware State Prison. Doc. 1. After conducting frivolity review, the Court permitted Plaintiff to proceed with Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Clark, Faulks, and Martyn.[2] Doc. 17.

---

[1] Defendants Faulks and Martyn also filed motions for summary judgment. Docs. 72, 81. I have addressed those motions separately. See Docs. 103, 105, 106, 109.

[2] Plaintiff filed an Amended Complaint, asserting claims against three additional Defendants. Doc. 35. Plaintiff stated in the Amended Complaint, "Defendant Clark's allegations and legal claims, by Collins, remain the same: except add sued in her official capacity!" Id. at 3. The Court dismissed the three additional Defendants because Plaintiff failed to state a claim against them. See Docs. 102, 104. Here, I consider Plaintiff's original Complaint (which contains the factual allegations concerning Clark)

Plaintiff's claims against Defendant Clark arise from an annual examination on March 11, 2020.  Relevant to this Report, Plaintiff alleged Defendant Clark, a nurse practitioner at Ware State Prison, denied Plaintiff a wheelchair to rest his sore knee.  Doc. 1-1 at 3.  Plaintiff alleged he requested a wheelchair from Defendant Clark, but she denied the request stating, "Because you walked up here to medical I cannot grant you a wheelchair."  Id. at 5.  Plaintiff alleged Defendant Clark denied his request without reviewing his history of left knee pain in his chart.  Id.  Plaintiff generally alleged all Defendants retaliated against him because he filed an earlier lawsuit against Defendant Martyn and Ware State Prison's former medical director, Dr. Thomas Ferrell.[3]  Doc. 1 at 5.

## UNDISPUTED MATERIAL FACTS

### I.  Defendant Clark's Statement of Material Facts

Defendant Clark submitted a Statement of Material Facts ("SMF") in support of her Motion for Summary Judgment, in accordance with the Federal Rules of Civil Procedure and Local Rule 56.1.  Doc. 73-2.  Defendant Clark's SMF relies on: Plaintiff's Complaint, doc. 1; the affidavit of Defendant Clark, doc. 73-3; the transcript of Plaintiff's deposition, doc. 73-4; the affidavit of Defendant Faulks, doc. 73-5; and a one-page record of Plaintiff's visit with Defendant Faulks on May 22, 2020, doc. 73-6.

---

and the Amended Complaint (which states Plaintiff is also suing Clark in her official capacity) together for the purposes of resolving Defendant Clark's Motion for Summary Judgment.

[3]      Plaintiff does not assert an independent First Amendment retaliation claim in this case.  Following frivolity review, Plaintiff was permitted to proceed with an Eighth Amendment claim based on Defendant Clark's alleged deliberate indifference to Plaintiff's serious medical needs.  Doc. 17.  Thus, Plaintiff's allegations about retaliation are only material to the extent the allegations relate to his deliberate indifference claim against Defendant Clark.  In his Complaint, Plaintiff alleged generally all Defendants retaliated against him, but his specific allegations against Defendant Clark are devoid of any claim of retaliation.  Doc. 1 at 5; Doc. 1-1 at 3, 5.  Plaintiff makes no allegations of retaliation in his responses to Defendant Clark's Motion for Summary Judgment, and he provides no evidence to support First Amendment retaliation claim.

II.     **Plaintiff's Submissions**

Plaintiff filed a Response in opposition to Defendant Clark's Motion for Summary Judgment and a supporting brief. Docs. 83, 86. Plaintiff's Response includes an SMF. Doc. 84. Plaintiff cites his own affidavit and his medical record. Docs. 87, 90. Plaintiff disputes every single statement of material fact in Defendant Clark's SMF. However, Plaintiff fails to sufficiently refute Defendant Clark's SMF because Plaintiff, in his Response, fails to point to anything in the record that undermines or negates the disputed factual allegations.

In many of Plaintiff's responses to Defendant Clark's assertions of fact, Plaintiff fails to address the factual assertion Defendant Clark makes or Plaintiff admits the fact within his response while inconsistently disputing the same fact. For example, Defendant Clark asserts in her SMF, "Nurse Clark was a nurse practitioner ("NP") at Ware State Prison." Doc. 73-2 at 1. Plaintiff proclaims in his own SMF he "genuinely disputes" this fact. Doc. 84 at 2. But his objection is unresponsive, stating only that Defendant Clark had subjective knowledge of his left knee condition and knew Plaintiff needed a wheelchair. Id. at 2–3. Plaintiff cites his own affidavit in support of this objection. In the cited paragraph of his affidavit, Plaintiff swears "Nurse Clark was a Nurse Practitioner" and knew of Plaintiff's medical needs, admitting Defendant Clark's assertion she was an NP at Ware State Prison. Doc. 87 at 2–3. As another example, Defendant Clark asserts: "Plaintiff stopped using his cane in May 2020." Doc. 73-2 at 3. Plaintiff objects, "That cannot be[.]" Doc. 84 at 8. But Plaintiff admits his cane was confiscated in May 2020. Id. Plaintiff's SMF and affidavit are riddled with such unresponsive and inconsistent objections to Defendant Clark's assertions of fact.

Many other responses in Plaintiff's SMF are merely unhelpful recitations of Federal Rule of Civil Procedure 56(c)(1)(B). Plaintiff responds to 7 of Defendant Clark's 18 assertions of

fact[4] with the statement: "I genuinely dispute; for because the material cited to does not establish the absence of a genuine dispute," citing Rule 56.  Doc. 84 at 2, 6–7.  Plaintiff must do more than recite Rule 56(c) and proclaim a dispute.  Plaintiff must show the materials cited do not establish the absence of a genuine dispute.  Fed. R. Civ. P. 56(c)(1)(B).  Plaintiff's repeated form objection does not show Defendant Clark failed to establish any of these particular facts.

I have reviewed the entirety of Plaintiff's filings in response to Defendant Clark's Motion for Summary Judgment, and I have not identified a single material fact Plaintiff sufficiently disputes with a citation to the record.  Thus, for the purposes of this Motion, I accept as true the facts contained in Defendant Clark's SMF, so long as they are supported by evidence, do not require credibility determinations, and do not include legal conclusions.  The facts recited here represent the facts in the record and draw all reasonable inferences in the light most favorable to Plaintiff, the non-moving party.  See Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

### III.   Statement of Material Facts

Defendant Clark was a nurse practitioner at Ware State Prison in 2020.  Doc. 73-3 at 1.  Plaintiff was a Georgia Department of Corrections' inmate housed at Ware State Prison.  Doc. 1 at 6.  Plaintiff has a long history of chronic knee pain.  Doc. 73-4 at 65–66; Doc. 90 at 12, 17–18.  Plaintiff had surgery on his knee June 6, 2017 and July 31, 2018, while he was incarcerated.  Doc. 73-4 at 60–62; Doc. 90 at 32, 35.

Plaintiff walked to the medical clinic for an annual physical examination on March 11, 2020.  Doc. 73-3 at 2.  Plaintiff was having knee pain, believing it may be due to the weather.  Doc. 73-4 at 80.  Plaintiff told Defendant Clark his knee was tired, and he requested a

---

[4]   Defendant Clark's assertions of fact are numbered 1 through 19; however, her SMF is missing assertion number 5, so there are only 18 assertions of fact.  See Doc. 73-2 at 2.

4

wheelchair.  Doc. 73-3 at 2.  On assessment of Plaintiff, Defendant Clark made the medical judgment Plaintiff did not medically require a wheelchair for "ambulation," based on her education and training as a nurse practitioner.  Id.

Defendant Clark explained to Plaintiff she could not issue a wheelchair because it was not medically necessary.  Id. at 3.  Defendant Clark pointed out Plaintiff had just walked to medical on his own, meaning he was ambulatory and did not require a wheelchair for movement.  Id.  Defendant Clark tried to complete Plaintiff's physical exam form, but Plaintiff was not cooperative and refused directions.  Id.; Doc. 90 at 13–14.  Plaintiff was escorted out of the office.  Doc. 73-3 at 3; Doc. 90 at 13–14.

## DISCUSSION

**I.      Legal Standard**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, there must exist a conflict in substantial evidence to pose a jury question."  Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).  "If the evidence [produced by the nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law.  See Williamson Oil Co., Inc. v.

Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the non-moving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the non-moving party's case or the non-moving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).

Once the party moving for summary judgment satisfies its initial burden, the burden shifts to the non-moving party to come forward with specific facts showing a genuine dispute for trial. Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the non-moving party. Peek-A-Boo Lounge, 630 F.3d at 1353. As the Eleventh Circuit Court of Appeals has explained, "The facts at the summary judgment stage are not necessarily the true, historical facts or what a jury may ultimately find. Instead, the facts at this stage are what a reasonable jury could find from the evidence . . . viewed in the light most favorable to the non-moving party." Johnson v. City of Miami Beach, No. 20-10834, 2021 WL 5414410, at *1 (11th Cir. Nov. 19, 2021).

## II.     Plaintiff's Eighth Amendment Claim Against Defendant Clark

Defendant Clark argues Plaintiff is unable to establish she was deliberately indifferent to Plaintiff's serious medical need. Doc. 73-1 at 5–6. Specifically, Defendant Clark maintains there is no evidence she was subjectively aware of a substantial risk of serious harm and the undisputed material facts show she made an appropriate medical determination Plaintiff did not

6

require a wheelchair.  Id. at 6.  Defendant Clark also argues there is no evidence Plaintiff suffered any harm or injury as a result of her decision not to issue a wheelchair.  Id. at 7.

Plaintiff opposes Defendant Clark's Motion for Summary Judgment.  Doc. 86.  Plaintiff argues he had an "objectively serious ongoing mobility issue with [his] left medial meniscus[.]"  Id. at 3.  Plaintiff argues Defendant Clark had subjective knowledge of a risk of serious harm because she knew of Plaintiff's knee condition before March 11, 2020, and because Plaintiff told Defendant Clark about his knee pain when he saw her on March 11, 2020.  Id. at 3–4.  Plaintiff argues Defendant Clark's decision to deny him a wheelchair shows disregard because Defendant Clark did not adequately examine him.  Id. at 5–6.  Plaintiff argues Defendant Clark did not treat his knee condition at all.  Id. at 7–8.  Plaintiff contends Defendant Clark had him escorted out of the medical clinic without treatment because he questioned Defendant Clark's "non-medical reason for intentionally denying [Plaintiff] a necessary wheelchair . . . ."  Id. at 6.  Plaintiff appears to argue Defendant Clark's denial of a wheelchair caused a "re-injury [to his] already damaged left medial meniscus knee," citing records of a 2021 surgical repair.  Id. at 8.

**A.     Legal Standard**

The United States Supreme Court has held the Eighth Amendment "prohibits 'deliberate indifference to serious medical needs of prisoners.'"  Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 103–04 (1976)).  To prove a deliberate indifference to serious medical need claim, a plaintiff must demonstrate: (1) a serious medical need; (2) deliberate indifference to the need; and (3) a causal connection between the indifference and plaintiff's injury.  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306–07 (11th Cir. 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007)).

The first element is an objective inquiry. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quotation and citation omitted). "In either of these situations, the medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)) (alteration in original).

"Severe pain that is not promptly or adequately treated can present a serious medical need." Hinson, 927 F.3d at 1122 (citing McElligott v. Foley, 182 F.3d 1248, 1255–59 (11th Cir. 1999)). However, "a plaintiff's statement that he experienced some pain or discomfort is not enough; the prisoner's pain must be objectively so severe that the failure to treat it deprives him 'of the minimal civilized measure of life's necessities.'" Brennan v. Thomas, 780 F. App'x 813, 820 (11th Cir. 2019) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

The second element is a subjective inquiry. Goebert, 510 F.3d at 1326. The element of deliberate indifference requires a showing of: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Id. at 1327 (quotations and brackets omitted). A mere medical malpractice claim does not amount to a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Medical prison officials are entitled to utilize their medical judgment when treating inmates. See id. at 107. Therefore, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" also does not amount to a constitutional violation. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). Prison officials cannot

be held liable under the Eighth Amendment when they provide an inmate with treatment, but the inmate simply prefers a different mode or method of treatment. Sifford v. Ford, 701 F. App'x 794, 795 (11th Cir. 2017) (citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985)).

### B. Analysis

Defendant Clark is entitled to summary judgment because Plaintiff has not pointed to any evidence that suggests his knee condition was a serious medical need or Defendant Clark was deliberately indifferent to that need.

As noted, a medical need may be deemed serious if it "has been diagnosed by a physician as mandating treatment . . . ." Goebert, 510 F.3d at 1326. Plaintiff's knee condition was not diagnosed by a physician as mandating treatment. Plaintiff has not pointed to any evidence he was diagnosed by a physician with an "ongoing mobility issue" related to his left medial meniscus mandating treatment with a wheelchair. Plaintiff has not pointed to a single medical record with such a diagnosis, though he cites many records about his knee surgeries and post-operative recovery in 2017 and 2018. Doc. 86 at 3–4. There is evidence Plaintiff used a wheelchair for some time after his 2017 surgery. But Plaintiff has not shown he had any need for a wheelchair at the time of the March 11, 2020 examination. See, e.g., Doc. 90 at 8 (physician's order dated June 12, 2017, for "Wheelchair x 1 yr"); Id. at 44 (medical classification record dated June 12, 2017 with wheelchair profile expiring on June 12, 2018); Id. at 50 (physician's order dated August 9, 2017 discontinuing wheelchair).

Plaintiff's knee condition was also not a medical need that was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326. It is undisputed Plaintiff walked to medical for his annual exam on March 11, 2020.

Plaintiff complained his "knee was tired," and he requested a wheelchair. Doc. 73-3 at 2. Plaintiff states he told Defendant Clark he was having "real bad left knee pains." Doc. 87 at 4. Plaintiff states the pain was "aggravating my left knee as I walked up and down [a hill] three times a day to go to the chow hall to eat and survive." Doc. 86 at 16. There was no visible or outward manifestation of Plaintiff's medical needs. Instead, Plaintiff complained of discomfort but was able to walk without assistance at the time. Based on these facts, Plaintiff's knee pain was not a serious medical need that obviously required a doctor's attention.

Severe pain may establish a serious medical need, but only where the pain is "objectively so severe that the failure to treat it deprives [a plaintiff] of the minimal civilized measure of life's necessities." Thomas, 780 F. App'x at 820 (cleaned up). Plaintiff's subjective complains fall far short of establishing such severe pain. Despite his complaints of pain, Plaintiff was able to walk without assistance and told Defendant Clark he experienced pain when he walked up and down a hill three times a day. Plaintiff points to no medical evidence that would indicate he was suffering from severe pain. On this record, Plaintiff has not shown he was experiencing such pain that it would rise to the level of serious medical need. See Kershaw v. S. Corr. Med., No. 518CV00186, 2019 WL 6337440, at *4–5 (M.D. Ga. Oct. 28, 2019) (finding plaintiff's subjective complaints of chronic pain, supported by prior hip surgery and prior pain medication prescription, did not constitute a serious medical need), report and recommendation adopted, 2019 WL 6329340 (M.D. Ga. Nov. 26, 2019); Campbell v. Whitehead, No. 515CV00240, 2016 WL 4257693, at *4 n.8 (N.D. Ala. July 13, 2016) ("[O]ur courts recognize that a prisoner's subjective complaints of pain, unsupported by any corroborating medical evidence or obvious outward signs of injury, do not plausibly suggest a serious medical need." (collecting cases)), report and recommendation adopted, 2016 WL 4374924 (N.D. Ala. Aug. 16, 2016).

Plaintiff cites several cases he contends show he suffered from a serious medical need. Doc. 86 at 14 (citing Brown v. Hughes, 894 F.2d 1533 (11th Cir. 1990); Mandel v. Doe, 888 F.2d 783 (11th Cir. 1989), Parzyck v. Prison Health Servs., Inc., 290 F. App'x 289 (11th Cir. 2008)). Plaintiff argues, generally, these cases establish that difficulty walking or pain from a damaged bone constitutes an objectively serious medical need. Plaintiff's reliance on these cases is misplaced, as all these cases are factually distinguishable. The cases Plaintiff cites involved far more severe injuries: Brown (a severely swollen broken foot); Mandel (broken hip causing a limp, unusable leg that caused the plaintiff to scream in pain when moved); and Parzyck (debilitating back condition that caused the plaintiff to be unable to walk normally and to experience extreme pain on a daily basis). Plaintiff's knee condition is not analogous to the conditions described in the cases on which Plaintiff relies. Plaintiff has shown no evidence he had a broken bone or even a damaged bone on the day he arrived at Defendant Clark's clinic for an annual exam. Plaintiff only provides evidence of knee surgeries from years before the exam. The parties agree Plaintiff could walk, and Plaintiff has not pointed to any evidence, or even alleged, he could not walk normally at the time of his exam. The undisputed material evidence shows Plaintiff's knee condition was not a serious medical need, and the cases Plaintiff relies on do not suggest otherwise.

Even if Plaintiff's knee condition constituted a serious medical need, Plaintiff has not pointed to any evidence in the record that suggests Defendant Clark was deliberately indifferent to that need. There is no evidence Defendant Clark knew of any risk of serious harm to Plaintiff. Plaintiff cites a note Defendant Clark made on October 23, 2018, stating Plaintiff is "doing well" and advising a follow up. Doc. 90 at 15. This, and the other records Plaintiff cites, do nothing to establish Defendant Clark knew of a serious risk to Plaintiff on March 11, 2020. The evidence

11

does not show Defendant Clark ignored or disregarded Plaintiff's complaints of pain. Instead, Defendant Clark swears she consulted Plaintiff's chart, assessed Plaintiff, and determined no wheelchair was necessary. Doc. 73-3 at 2–3. Defendant Clark attempted to complete Plaintiff's annual exam, but he was uncooperative. Id. at 3.

Plaintiff establishes no genuine dispute with Defendant Clark's version of the material facts. Plaintiff swears Defendant Clark assessed him "without even getting up out of her desk chair." Doc. 87 at 5. Plaintiff argues Defendant Clark failed to treat him at all because she had him escorted out of the clinic after she became irritated. Doc. 86 at 22–23. But there is no genuine dispute about the material facts. The facts show no objectively serious medical need and no subjective deliberate indifference. Plaintiff does not dispute the fact he was walking on his own. Plaintiff does not genuinely dispute the fact there was no documented need for a wheelchair in his medical chart. Defendant Clark's assessment of Plaintiff—even if it were as brief as Plaintiff claims it was—demonstrates Defendant Clark did not simply ignore Plaintiff's complaints. The fact Defendant Clark had Plaintiff escorted out for arguing with her, after she denied Plaintiff a wheelchair, is not material to Plaintiff's medical needs or Defendant Clark's assessment of them.

Plaintiff argues Defendant Clark's decision was based on a non-medical reason, namely that Plaintiff was able to walk to his medical appointment. This argument lacks merit. Plaintiff's ability to ambulate is plainly a relevant medical consideration when assisting a patient's need for a wheelchair. To the extent Plaintiff argues Defendant Clark should have examined him more thoroughly before denying a wheelchair, this argument sounds in medical malpractice, not the Eighth Amendment. Estelle, 429 U.S. at 105–06 (noting "inadvertent failure

to provide adequate medical care" or "negligen[ce] in diagnosing or treating a medical condition" does not amount to deliberate indifference to a serious medical need).

In sum, the undisputed material facts establish Plaintiff did not have a serious medical need when he encountered Defendant Clark on March 11, 2020, and, even if Plaintiff did have a serious medical need, Defendant Clark was not deliberately indifferent to that need.[5] Accordingly, I **RECOMMEND** the Court **GRANT** Defendant Clark's Motion for Summary Judgment.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address this issue now. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x

---

[5] I also note Plaintiff has failed to point to any evidence suggesting Defendant Clark's actions caused him any injury or harm. This would be an additional reason to grant Defendant Clark summary judgment on Plaintiff's claim against her.

321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Defendant Clark's Motion for Summary Judgment, **DISMISS** Defendant Clark, and **DENY** Plaintiff *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 5th day of March, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA